IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ADIANEL BURGOS and HECTOR MARTINEZ, individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | Civ. A. No. _____ |
| v. | : : | |
| YOUTH ON THE MOVE, INC., and JANICE BROWN, | : : : : | |
| Defendants. | : : | |

**DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1337 and 1441, Defendants Youth on the Move, Inc. ("YOTM") and Janice Brown (together, "Defendants"), hereby remove the above-captioned action from the Superior Court Department of the Trial Court of Hampden County, Massachusetts, to the United States District Court for the District of Massachusetts. In support thereof, Defendants respectfully state as follows:

**I.      The State Court Action**

On or about February 8, 2022, Plaintiffs Adianel Burgos and Hector Martinez (together, "Plaintiffs") commenced an action in the Superior Court Department of the Trial Court of Hampden County, Massachusetts, captioned *Adianel Burgos et al. v. Youth on the Move, Inc., et al.*, No. 2279CV00100, by filing a Class Action Complaint against Defendants in that Court. The Complaint asserts claims against Defendants for failure to pay wages for all hours worked and failure to pay overtime for hours worked in excess of 40 in a workweek in violation of the

Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.,* and Mass. Gen. Laws c. 149, § 148.

YOTM received a copy of the Complaint on March 3, 2022. Ms. Brown received a copy of the Complaint on March 8, 2022. True and complete copies of all process, pleadings and orders that have been received by Defendants are attached hereto as Exhibit A.

**II.     Removal of the State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The district court has original jurisdiction over any civil action "arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, and/or "arising under any Act of Congress regulating commerce," 28 U.S.C. § 1337(a).

Here, Plaintiffs assert a claim for failure to pay overtime wages under the FLSA. (*See* Compl. ¶¶ 32-34 (Count II).) Additionally, Plaintiffs allege that Defendants are also liable under state law for their alleged violation of the FLSA. (*See id.* at ¶¶ 29-31 (Count I).) As a result, this case arises under the laws of the United States and an Act of Congress within the meaning of Sections 1331 and 1337(a). *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (confirming that federal courts have original jurisdiction over FLSA claims and that such cases are removable to federal court).

**III.    Venue**

The District of Massachusetts, Western Division, is the judicial district and division embracing the place where the state court action is pending. *See* L.R. 40.1(c)(3). Under 28

U.S.C. § 1441(a), therefore, it is the proper district and division to which this case should be removed.

IV. **Procedural Compliance**

To be timely, removal must be accomplished within 30 days after any defendant first receives, by service or otherwise, a copy of the initial pleading. 28 U.S.C. § 1446(b). Removal of this action is timely because less than 30 days have elapsed since March 3, 2022, when YOTM first received a copy of Plaintiffs' Complaint. As noted above, true and correct copies of all process, pleadings and orders that have been received by Defendants are attached as Exhibit A in accordance with Section 1446(a). Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court Department of the Trial Court of Hampden County and will serve such Notice on Plaintiffs in accordance with Section 1446(d). Pursuant to Local Rule 81.1(a), Defendants will file certified or attested copies of all records, proceedings and docket entries in the Superior Court within 28 days of the filing of this Notice.

WHEREFORE, Defendants respectfully request that the state court action referred to herein be removed to this Court pursuant to 28 U.S.C. § 1441 and in accordance with the procedures set forth at 28 U.S.C. § 1446.

Dated: March 23, 2022

Respectfully submitted,

 /s/ Erica E. Flores
Erica E. Flores, Esq.
BBO No. 568682
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, MA 01144
Tel: (413) 737-4753
Fax: (413) 787-1941
eflores@skoler-abbott.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I, Erica E. Flores, hereby certify that, on this 23rd day of March, 2022, true and accurate copies of Defendants' Notice of Removal and the Exhibit thereto were filed electronically with the Clerk of the U.S. District Court for the District of Massachusetts through the ECF system and served upon the following by first-class mail, postage prepaid:

Adam J. Shafran, Esq.
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109

*Counsel for Plaintiffs*

/s/ Erica E. Flores
Erica E. Flores, Esq.