*EXHIBIT A*

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER



## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

A TRUE COPY ATTEST

DEPUTY SHERIFF HND.CT

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.**

22 0100

_Adianel Burgos et al_, PLAINTIFF(S)

V.

**SUMMONS**

_Youth on The Move, Inc._, DEFENDANT(S)
_et al_

To the above named defendant:

You are hereby summoned and required to serve upon _Adam Shafran_, plaintiff's attorney, whose address is _92 State Street Boston MA 02109_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Heidi E. Brieger, Esq., at Springfield the _17TH_ day of _February_ in the year of our Lord two thousand _Twenty Two_.

A TRUE COPY ATTEST

DEPUTY SHERIFF HND.CT

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

Dated: _____, 20___

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(                              )
(                    , 20      )
(                              )



COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss
SUPERIOR COURT
TRIAL DEPT.

HAMPDEN COUNTY
SUPERIOR COURT
FILED

FEB 08 2022

*******************************************

Adianel Burgos and Hector Martinez,
individually and on behalf of all others
similarly situated

          **Plaintiffs**          CIVIL ACTION NO.

vs.

          22  0100

Youth on the Move, Inc. and Janice Brown

          **Defendants**

*******************************************

## CLASS ACTION COMPLAINT

Plaintiffs Adianel Burgos ("Burgos") and Hector Martinez ("Martinez") (collectively "Plaintiffs") bring this action individually and on behalf of all other similarly situated persons against Youth on the Move, Inc. ("YOTM"), and its President and Treasurer Janice Brown ("Brown") (YOTM and Brown collectively "Defendants") upon information and belief, except as to their own actions, the investigation of their counsel, and facts that are a matter of public record, as follows:

### OVERVIEW

1. Through this action, the Plaintiffs, on behalf of themselves and all others similarly situated ("Class Members"), seeks to recover damages arising from the Defendants' failure to pay the Plaintiffs and Class Members for all hours worked in violation of G.L. c. 149, § 148, and for Defendants' failure to pay the Plaintiffs and Class Members all wages earned pursuant to G.L. c. 149, § 148 as a result of their failure to pay overtime compensation due to the Plaintiffs and Class Members under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*).

A TRUE COPY ATTEST

DEPUTY SHERIFF HND.CT

1

2. Plaintiffs and the putative Class Members seek to recover unpaid wages, statutory treble damages, prejudgment interest, attorneys' fees and costs, and any other relief permitted by law.

## THE PLAINTIFF

3. Plaintiff Burgos is a resident of Springfield, Massachusetts and was employed by the Defendants out of Springfield, Massachusetts.

4. Plaintiff Martinez is a resident of Holyoke, Massachusetts and was employed by the Defendants out of Springfield, Massachusetts.

## THE DEFENDANTS

5. Defendant YOTM is a Massachusetts domestic profit corporation with a principal place of business located in Indian Orchard, Massachusetts.

6. Defendant Brown is the President and Treasurer of YOTM. Upon information and belief, she is a resident of Massachusetts.

## FACTUAL ALLEGATIONS

7. YOTM provides non-emergency medical transportation services to individuals.

8. These services generally include driving individuals to and from doctor's appointments, to and from clinical facilities, and to and from other related non-emergency medical appointments.

9. YOTM hires individuals, such as the Plaintiffs, who perform/performed non-emergency medical transportation driving services.

10. Plaintiff Burgos was employed by the Defendants as a driver to perform non-emergency medical transportation services.

11. Plaintiff Martinez was employed by the Defendants as a lot supervisor and part time driver to perform non-emergency medical transportation services.

12. For the duration of their employment, Plaintiffs and other YOTM drivers were required to report each morning to the company office, after which they would

leave and travel to pick up their first client of the day (temporarily for Martinez on days he worked as a driver).

13. YOTM did not pay Plaintiffs or the Class Members for their time spent traveling from the company office to their first client pickup of the day.

14. After picking up their first client of the day, Plaintiffs and Class Members spend their workday picking up and dropping off YOTM clients throughout the day.

15. If, at any point throughout the workday Plaintiffs or the Class Member did not have a client in their vehicle, YOTM did not pay Plaintiffs or the Class Member for such time, despite the fact they were required and directed by YOTM to travel from one place to another after the beginning of and before the close of the work day.

16. As a result, Plaintiffs and Class Members were regularly not paid for all hours worked.

17. Over the course of their employment, Plaintiffs and Class Members often worked over 40 hours per week when including the aforementioned worktime

18. In failing to include the aforementioned worktime when determining the number of hours the Plaintiffs and Class Members worked in a workweek, Defendants failed to pay Plaintiffs and Class Members overtime compensation (i.e. time and one-half their regularly hourly rate) for all hours worked over 40 in a workweek.

19. Upon information and belief, during the relevant statutory period, the Defendants have employed at least 50+ individuals as drivers who were subject to the practice described above.

## THE CLASS

20. The "Class Members" are compromised of the following individuals: all individuals who were employed by the Defendants within the relevant statutory period.

21. The Class Members are similarly situated to the Plaintiffs and to each other, because they all were all subject to the Defendants' unlawful practice as described above.

22. On information and belief, there are 50 plus Class Members affected by the Defendants conduct as described herein.

23. There are questions of law and fact common to the Plaintiffs and Class Members that predominate over any questions affecting only individual members, including:

    a. Whether the Defendants failed to pay the Plaintiffs and Class Members for all compensable time worked.

    b. Whether the Defendants failed to pay the Plaintiffs and Class Members time and one half their regular hourly rate for all hours worked over 40 in a workweek.

24. The Plaintiffs' claims are typical of the claims of the Class Members. The Plaintiffs and all Class Members were subjected to and harmed by the Defendants conduct described above in the same manner.

25. The Plaintiffs will fairly and adequately protect the interests of the Class and has retained an attorney experienced in class action wage and employment litigation.

26. Questions of law and fact common to all Class Members predominate over any questions affecting only individual Class Members.

27. A class action is therefore superior to other available methods for the fair and efficient adjudication of this controversy.

28. Plaintiffs do not anticipate any difficulty in the management of this litigation.

### COUNT 1
### Violation of M.G.L. c. 149, § 148 (The Massachusetts Wage Act)

29. Plaintiffs re-allege and incorporate by reference ¶¶ 1-28 above as if fully set forth herein.

30. By their conduct as set forth herein, the Defendants have violated M.G.L. c. 149, § 148, including by failing to pay the Plaintiffs and Class Members overtime compensation as required by the Fair Labor Standards Act.

31. The Defendants are liable for the full amount of the Plaintiffs and Class Members' unpaid wages, treble damages, plus interest and reasonable attorney's fees and expenses.

## COUNT 2
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiffs re-allege and incorporates by reference ¶¶ 1-31 as if fully set forth herein.

33. By their conduct as set forth herein, the Defendants have knowingly violated the Fair Labor Standards Act.

34. The Defendants are liable for the full amount of the Plaintiffs' and Class Members' unpaid wages, liquidated damages, plus interest and reasonable attorney's fees and expenses.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against the Defendants as follows:

A. A judgment and order certifying this case as a class action and collective action and appointing the Plaintiffs and their counsel to represent the Class Members;

B. A judgment and order awarding Plaintiffs and Class Members their unpaid wages;

C. A judgment and order requiring the Defendants to immediately cease their wrongful conduct as set forth herein;

D. A judgment and order requiring a certified, independent accounting at Defendants' expense of all payroll and financial records in the possession of

the Defendants, and/or the appointment of a Master or Receiver to determine the correct compensation owed to the Plaintiffs and Class Members;

E. A judgment and order requiring the Defendants to pay the Plaintiff and Class Members all statutorily mandated treble and/or liquidated damages;

F. A judgment and order requiring Defendants to pay the Plaintiffs' and Class Members' reasonable attorneys' fees and the costs of this action;

G. A judgment and order requiring the Defendants to pay all legal interest permissible; and

H. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

Plaintiffs,
Adianel Burgos & Hector Martinez

By their attorney

*/s/ Adam J. Shafran (AS)*

Adam J. Shafran, BBO#670460
*ashafran@rflawyers.com*
Rudolph Friedmann LLP
92 State Street 255
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT – EQUITABLE RELIEF – OTHER



## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss**

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.
22 0100**

_Adianel Burgos et al_, PLAINTIFF(S)

V.

**SUMMONS**

_Janice Bean_, DEFENDANT(S)

3-8-22
A TRUE COPY ATTEST

DEPUTY SHERIFF HND.CT

To the above named defendant:

You are hereby summoned and required to serve upon _Adam Shafran_, plaintiff's attorney, whose address is _92 State Street, Boston, MA 02109_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Heidi E. Brieger, Esq., at Springfield the _17th_ day of _February_ in the year of our Lord two thousand _Twenty Two_.

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

## PROOF OF SERVICE OF PROCESS

certify and return that on _____, 20___, I served a copy of the within
s, together with a copy of the complaint, in this action, upon the within named defendant, in the
following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

_____

_____, 20

'ROCESS SERVER:
PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE
L AND ON COPY SERVED ON DEFENDANT.

```
(                              )
(                   , 20       )
(                              )
```



## COMMONWEALTH OF MASSACHUSETTS

**HAMPDEN, ss**  **SUPERIOR COURT TRIAL DEPT.**

*******************************************

Adianel Burgos and Hector Martinez,
individually and on behalf of all others
similarly situated

                  **Plaintiffs**           **CIVIL ACTION NO.**

vs.

                                           **22  0100**

Youth on the Move, Inc. and Janice Brown

                  **Defendants**

*******************************************

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**

FEB 08 2022

CLERK OF COURTS

### CLASS ACTION COMPLAINT

      Plaintiffs Adianel Burgos ("Burgos") and Hector Martinez ("Martinez") (collectively "Plaintiffs") bring this action individually and on behalf of all other similarly situated persons against Youth on the Move, Inc. ("YOTM"), and its President and Treasurer Janice Brown ("Brown") (YOTM and Brown collectively "Defendants") upon information and belief, except as to their own actions, the investigation of their counsel, and facts that are a matter of public record, as follows:

### OVERVIEW

1. Through this action, the Plaintiffs, on behalf of themselves and all others similarly situated ("Class Members"), seeks to recover damages arising from the Defendants' failure to pay the Plaintiffs and Class Members for all hours worked in violation of G.L. c. 149, § 148, and for Defendants' failure to pay the Plaintiffs and Class Members all wages earned pursuant to G.L. c. 149, § 148 as a result of their failure to pay overtime compensation due to the Plaintiffs and Class Members under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*).

1

2. Plaintiffs and the putative Class Members seek to recover unpaid wages, statutory treble damages, prejudgment interest, attorneys' fees and costs, and any other relief permitted by law.

## THE PLAINTIFF

3. Plaintiff Burgos is a resident of Springfield, Massachusetts and was employed by the Defendants out of Springfield, Massachusetts.

4. Plaintiff Martinez is a resident of Holyoke, Massachusetts and was employed by the Defendants out of Springfield, Massachusetts.

## THE DEFENDANTS

5. Defendant YOTM is a Massachusetts domestic profit corporation with a principal place of business located in Indian Orchard, Massachusetts.

6. Defendant Brown is the President and Treasurer of YOTM. Upon information and belief, she is a resident of Massachusetts.

## FACTUAL ALLEGATIONS

7. YOTM provides non-emergency medical transportation services to individuals.

8. These services generally include driving individuals to and from doctor's appointments, to and from clinical facilities, and to and from other related non-emergency medical appointments.

9. YOTM hires individuals, such as the Plaintiffs, who perform/performed non-emergency medical transportation driving services.

10. Plaintiff Burgos was employed by the Defendants as a driver to perform non-emergency medical transportation services.

11. Plaintiff Martinez was employed by the Defendants as a lot supervisor and part time driver to perform non-emergency medical transportation services.

12. For the duration of their employment, Plaintiffs and other YOTM drivers were required to report each morning to the company office, after which they would

2

leave and travel to pick up their first client of the day (temporarily for Martinez on days he worked as a driver).

13. YOTM did not pay Plaintiffs or the Class Members for their time spent traveling from the company office to their first client pickup of the day.

14. After picking up their first client of the day, Plaintiffs and Class Members spend their workday picking up and dropping off YOTM clients throughout the day.

15. If, at any point throughout the workday Plaintiffs or the Class Member did not have a client in their vehicle, YOTM did not pay Plaintiffs or the Class Member for such time, despite the fact they were required and directed by YOTM to travel from one place to another after the beginning of and before the close of the work day.

16. As a result, Plaintiffs and Class Members were regularly not paid for all hours worked.

17. Over the course of their employment, Plaintiffs and Class Members often worked over 40 hours per week when including the aforementioned worktime

18. In failing to include the aforementioned worktime when determining the number of hours the Plaintiffs and Class Members worked in a workweek, Defendants failed to pay Plaintiffs and Class Members overtime compensation (i.e. time and one-half their regularly hourly rate) for all hours worked over 40 in a workweek.

19. Upon information and belief, during the relevant statutory period, the Defendants have employed at least 50+ individuals as drivers who were subject to the practice described above.

## THE CLASS

20. The "Class Members" are compromised of the following individuals: all individuals who were employed by the Defendants within the relevant statutory period.

3

21. The Class Members are similarly situated to the Plaintiffs and to each other, because they all were all subject to the Defendants' unlawful practice as described above.
22. On information and belief, there are 50 plus Class Members affected by the Defendants conduct as described herein.
23. There are questions of law and fact common to the Plaintiffs and Class Members that predominate over any questions affecting only individual members, including:
    a. Whether the Defendants failed to pay the Plaintiffs and Class Members for all compensable time worked.
    b. Whether the Defendants failed to pay the Plaintiffs and Class Members time and one half their regular hourly rate for all hours worked over 40 in a workweek.
24. The Plaintiffs' claims are typical of the claims of the Class Members. The Plaintiffs and all Class Members were subjected to and harmed by the Defendants conduct described above in the same manner.
25. The Plaintiffs will fairly and adequately protect the interests of the Class and has retained an attorney experienced in class action wage and employment litigation.
26. Questions of law and fact common to all Class Members predominate over any questions affecting only individual Class Members.
27. A class action is therefore superior to other available methods for the fair and efficient adjudication of this controversy.
28. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## COUNT 1
### Violation of M.G.L. c. 149, § 148 (The Massachusetts Wage Act)

29. Plaintiffs re-allege and incorporate by reference ¶¶ 1-28 above as if fully set forth herein.

4

30. By their conduct as set forth herein, the Defendants have violated M.G.L. c. 149, § 148, including by failing to pay the Plaintiffs and Class Members overtime compensation as required by the Fair Labor Standards Act.

31. The Defendants are liable for the full amount of the Plaintiffs and Class Members' unpaid wages, treble damages, plus interest and reasonable attorney's fees and expenses.

## COUNT 2
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiffs re-allege and incorporates by reference ¶¶ 1-31 as if fully set forth herein.

33. By their conduct as set forth herein, the Defendants have knowingly violated the Fair Labor Standards Act.

34. The Defendants are liable for the full amount of the Plaintiffs' and Class Members' unpaid wages, liquidated damages, plus interest and reasonable attorney's fees and expenses.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against the Defendants as follows:

A. A judgment and order certifying this case as a class action and collective action and appointing the Plaintiffs and their counsel to represent the Class Members;

B. A judgment and order awarding Plaintiffs and Class Members their unpaid wages;

C. A judgment and order requiring the Defendants to immediately cease their wrongful conduct as set forth herein;

D. A judgment and order requiring a certified, independent accounting at Defendants' expense of all payroll and financial records in the possession of

5

the Defendants, and/or the appointment of a Master or Receiver to determine the correct compensation owed to the Plaintiffs and Class Members;

E. A judgment and order requiring the Defendants to pay the Plaintiff and Class Members all statutorily mandated treble and/or liquidated damages;

F. A judgment and order requiring Defendants to pay the Plaintiffs' and Class Members' reasonable attorneys' fees and the costs of this action;

G. A judgment and order requiring the Defendants to pay all legal interest permissible; and

H. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

Plaintiffs,
Adianel Burgos & Hector Martinez

By their attorney

*Adam J. Shafran (AS)*

Adam J. Shafran, BBO#670460
*ashafran@rflawyers.com*
Rudolph Friedmann LLP
92 State Street 255
Boston, MA 02109
617-723-7700
617-227-0313 (fax)