# COMMONWEALTH OF MASSACHUSETTS
# HAMPDEN COUNTY
## Docket Report

**2279CV00100 Adianel Burgos individually and on behalf of all others similarly situated et al vs. Youth on the Move, Inc. et al**

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 02/08/2022 |
| **ACTION CODE:** A01 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Services, Labor and Materials | |
| **CASE DISPOSITION DATE:** 03/24/2022 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 03/24/2022 |
| **CASE JUDGE:** | **CASE SESSION:** Civil A - Ct. Rm. 4 |

### PARTIES

**Plaintiff**
Adianel Burgos individually and on behalf of all others similarly situated

**Plaintiff**
Hector Martinez, individually and on behalf of all others similarly situated

**Attorney** 670460
Adam Jeremy Shafran
Rudolph Friedmann LLP
Rudolph Friedmann LLP
92 State St
Boston, MA 02109
Work Phone (617) 723-7700
Added Date: 02/08/2022

**Defendant**
Brown, Janice

**Attorney** 568682
Erica E Flores
Skoler Abbott and Presser, P.C.
Skoler Abbott and Presser, P.C.
One Monarch Place
Suite 2000
Springfield, MA 01144
Work Phone (413) 737-4753
Added Date: 03/24/2022

**Defendant**
Youth on the Move, Inc.

**Attorney** 568682
Erica E Flores
Skoler Abbott and Presser, P.C.
Skoler Abbott and Presser, P.C.
One Monarch Place
Suite 2000
Springfield, MA 01144
Work Phone (413) 737-4753
Added Date: 03/24/2022

| | FINANCIAL DETAILS | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs/Charge | Assessed | Paid | Dismissed | Balance |
| 02/10/2022 | Civil Filing Fee (per Plaintiff) Receipt: 29046 Date: 02/10/2022 | 240.00 | 240.00 | 0.00 | 0.00 |
| 02/10/2022 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 29046 Date: 02/10/2022 | 20.00 | 20.00 | 0.00 | 0.00 |
| 02/10/2022 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 29046 Date: 02/10/2022 | 15.00 | 15.00 | 0.00 | 0.00 |
| 02/10/2022 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 29046 Date: 02/10/2022 | 10.00 | 10.00 | 0.00 | 0.00 |
| | Total | 285.00 | 285.00 | 0.00 | 0.00 |

A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
1st day of April, 2022
Barbara Holubecki
~~Deputy~~ Asst. Clerk

| **INFORMATIONAL DOCKET ENTRIES** |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 02/08/2022 | | Attorney appearance<br>On this date Adam Jeremy Shafran, Esq. added for Plaintiff Hector Martinez, individually and on behalf of all others similarly situated | |
| 02/08/2022 | | Case assigned to:<br>DCM Track F - Fast Track was added on 02/08/2022 | |
| 02/08/2022 | 1 | Original civil complaint filed. | |
| 02/08/2022 | 2 | Civil action cover sheet filed. | |
| 02/08/2022 | | Demand for jury trial entered. | |
| 02/08/2022 | | Class action filed under Mass. R. Civ. P. 23 | |
| 02/10/2022 | | General correspondence regarding mailed Order on scheduling of civil six person jury trials notice, two summonses and copy of Complaint. | |
| 02/10/2022 | | EDocument sent:<br>A Tracking Order was generated and sent to:<br>Plaintiff, Attorney: Adam Jeremy Shafran, Esq. ashafran@rflawyers.com | |
| 03/22/2022 | 3 | Service Returned for<br>Defendant Brown, Janice: Service made in hand; | |
| 03/24/2022 | 4 | Defendants Youth on the Move, Inc., Janice Brown's Notice of Filing of Notice of Removal | |
| 03/24/2022 | 5 | Defendants Youth on the Move, Inc., Janice Brown's Notice of Removal | |
| 03/24/2022 | | Exhibits/Appendix | |
| 03/24/2022 | | Attorney appearance<br>On this date Erica E Flores, Esq. added for Defendant Youth on the Move, Inc. | |
| 03/24/2022 | | Attorney appearance<br>On this date Erica E Flores, Esq. added for Defendant Janice Brown | |
| 03/24/2022 | | Event Result:: Final Pre-Trial Conference scheduled on:<br>    06/05/2023 02:00 PM<br>Has been: Canceled    For the following reason: Case Disposed<br>Hon. James M Manitsas, Presiding | Manitsas |
| 03/24/2022 | | Case transferred to another court. | |
| 03/25/2022 | | REMOVED to the U.S. District Court | |

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss                          SUPERIOR COURT
                                                               TRIAL DEPT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Adianel Burgos and Hector Martinez,**
**individually and on behalf of all others**
**similarly situated**

                 **Plaintiffs**              CIVIL ACTION NO.

vs.                                       22 0100

**Youth on the Move, Inc. and Janice Brown**

                 **Defendants**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIVED
FEB 0 8 2022
LAURA S. GENTILE
CLERK OF COURT
HAMPDEN C[...]

HAMPDEN COUNTY
SUPERIOR COURT
FILED
FEB 08 2022

## CLASS ACTION COMPLAINT

Plaintiffs Adianel Burgos ("Burgos") and Hector Martinez ("Martinez") (collectively "Plaintiffs") bring this action individually and on behalf of all other similarly situated persons against Youth on the Move, Inc. ("YOTM"), and its President and Treasurer Janice Brown ("Brown") (YOTM and Brown collectively "Defendants") upon information and belief, except as to their own actions, the investigation of their counsel, and facts that are a matter of public record, as follows:

### OVERVIEW

1. Through this action, the Plaintiffs, on behalf of themselves and all others similarly situated ("Class Members"), seeks to recover damages arising from the Defendants' failure to pay the Plaintiffs and Class Members for all hours worked in violation of G.L. c. 149, § 148, and for Defendants' failure to pay the Plaintiffs and Class Members all wages earned pursuant to G.L. c. 149, § 148 as a result of their failure to pay overtime compensation due to the Plaintiffs and Class Members under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*).

1

2. Plaintiffs and the putative Class Members seek to recover unpaid wages, statutory treble damages, prejudgment interest, attorneys' fees and costs, and any other relief permitted by law.

## THE PLAINTIFF

3. Plaintiff Burgos is a resident of Springfield, Massachusetts and was employed by the Defendants out of Springfield, Massachusetts.

4. Plaintiff Martinez is a resident of Holyoke, Massachusetts and was employed by the Defendants out of Springfield, Massachusetts.

## THE DEFENDANTS

5. Defendant YOTM is a Massachusetts domestic profit corporation with a principal place of business located in Indian Orchard, Massachusetts.

6. Defendant Brown is the President and Treasurer of YOTM. Upon information and belief, she is a resident of Massachusetts.

## FACTUAL ALLEGATIONS

7. YOTM provides non-emergency medical transportation services to individuals.

8. These services generally include driving individuals to and from doctor's appointments, to and from clinical facilities, and to and from other related non-emergency medical appointments.

9. YOTM hires individuals, such as the Plaintiffs, who perform/performed non-emergency medical transportation driving services.

10. Plaintiff Burgos was employed by the Defendants as a driver to perform non-emergency medical transportation services.

11. Plaintiff Martinez was employed by the Defendants as a lot supervisor and part time driver to perform non-emergency medical transportation services.

12. For the duration of their employment, Plaintiffs and other YOTM drivers were required to report each morning to the company office, after which they would

      leave and travel to pick up their first client of the day (temporarily for Martinez on days he worked as a driver).

13. YOTM did not pay Plaintiffs or the Class Members for their time spent traveling from the company office to their first client pickup of the day.

14. After picking up their first client of the day, Plaintiffs and Class Members spend their workday picking up and dropping off YOTM clients throughout the day.

15. If, at any point throughout the workday Plaintiffs or the Class Member did not have a client in their vehicle, YOTM did not pay Plaintiffs or the Class Member for such time, despite the fact they were required and directed by YOTM to travel from one place to another after the beginning of and before the close of the work day.

16. As a result, Plaintiffs and Class Members were regularly not paid for all hours worked.

17. Over the course of their employment, Plaintiffs and Class Members often worked over 40 hours per week when including the aforementioned worktime

18. In failing to include the aforementioned worktime when determining the number of hours the Plaintiffs and Class Members worked in a workweek, Defendants failed to pay Plaintiffs and Class Members overtime compensation (i.e. time and one-half their regularly hourly rate) for all hours worked over 40 in a workweek.

19. Upon information and belief, during the relevant statutory period, the Defendants have employed at least 50+ individuals as drivers who were subject to the practice described above.

## THE CLASS

20. The "Class Members" are compromised of the following individuals: all individuals who were employed by the Defendants within the relevant statutory period.

21. The Class Members are similarly situated to the Plaintiffs and to each other, because they all were all subject to the Defendants' unlawful practice as described above.

22. On information and belief, there are 50 plus Class Members affected by the Defendants conduct as described herein.

23. There are questions of law and fact common to the Plaintiffs and Class Members that predominate over any questions affecting only individual members, including:

    a. Whether the Defendants failed to pay the Plaintiffs and Class Members for all compensable time worked.

    b. Whether the Defendants failed to pay the Plaintiffs and Class Members time and one half their regular hourly rate for all hours worked over 40 in a workweek.

24. The Plaintiffs' claims are typical of the claims of the Class Members. The Plaintiffs and all Class Members were subjected to and harmed by the Defendants conduct described above in the same manner.

25. The Plaintiffs will fairly and adequately protect the interests of the Class and has retained an attorney experienced in class action wage and employment litigation.

26. Questions of law and fact common to all Class Members predominate over any questions affecting only individual Class Members.

27. A class action is therefore superior to other available methods for the fair and efficient adjudication of this controversy.

28. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## COUNT 1
## Violation of M.G.L. c. 149, § 148 (The Massachusetts Wage Act)

29. Plaintiffs re-allege and incorporate by reference ¶¶ 1-28 above as if fully set forth herein.

30. By their conduct as set forth herein, the Defendants have violated M.G.L. c. 149, § 148, including by failing to pay the Plaintiffs and Class Members overtime compensation as required by the Fair Labor Standards Act.

31. The Defendants are liable for the full amount of the Plaintiffs and Class Members' unpaid wages, treble damages, plus interest and reasonable attorney's fees and expenses.

## COUNT 2
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiffs re-allege and incorporates by reference ¶¶ 1-31 as if fully set forth herein.

33. By their conduct as set forth herein, the Defendants have knowingly violated the Fair Labor Standards Act.

34. The Defendants are liable for the full amount of the Plaintiffs' and Class Members' unpaid wages, liquidated damages, plus interest and reasonable attorney's fees and expenses.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against the Defendants as follows:

A. A judgment and order certifying this case as a class action and collective action and appointing the Plaintiffs and their counsel to represent the Class Members;

B. A judgment and order awarding Plaintiffs and Class Members their unpaid wages;

C. A judgment and order requiring the Defendants to immediately cease their wrongful conduct as set forth herein;

D. A judgment and order requiring a certified, independent accounting at Defendants' expense of all payroll and financial records in the possession of

the Defendants, and/or the appointment of a Master or Receiver to determine the correct compensation owed to the Plaintiffs and Class Members;

E. A judgment and order requiring the Defendants to pay the Plaintiff and Class Members all statutorily mandated treble and/or liquidated damages;

F. A judgment and order requiring Defendants to pay the Plaintiffs' and Class Members' reasonable attorneys' fees and the costs of this action;

G. A judgment and order requiring the Defendants to pay all legal interest permissible; and

H. Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action so triable.

Plaintiffs,
Adianel Burgos & Hector Martinez

By their attorney

*Adam J. Shafran (Sb)*

Adam J. Shafran, BBO#670460
ashafran@rflawyers.com
Rudolph Friedmann LLP
92 State Street 255
Boston, MA 02109
617-723-7700
617-227-0313 (fax)

A true copy.

Attest:

*Barbara Holubecki*
Deputy Assistant Clerk

6

JAMES L. RUDOLPH
ROBERT H. SHAER
JONATHON D. FRIEDMANN
JOSEPH W. WORTHEN II**
JOHN H. ROGERS
WILLIAM A. KORMAN**
JOCELYN J. CAMPBELL
GEORGE GEORGOUNTZOS
ADAM J. SHAFRAN
ROBERT P. RUDOLPH
ERIC WALZ
Of Counsel
GARY E. LAMBERT†
MICHAEL S. KALIS
BRYAN S. MACCORMACK*

† Registered Patent Attorney
*Also admitted in Florida
**Also admitted in New Hampshire

# RUDOLPH FRIEDMANN LLP

COUNSELLORS AT LAW

92 STATE STREET

BOSTON, MASSACHUSETTS 02109

(617) 723-7700
Telecopier: (617) 227-0313

OLIVER'S POND
216 HUMPHREY STREET
MARBLEHEAD, MA 01945
(781) 639-4600

To Contact Writer:
Voice Mail Ext. 164
Email: AShafran@RFlawyers.com

RECEIVED

FEB 0 8 2022

LAURA S. GENTILE
CLERK OF COURTS
HAMPDEN COUNTY

**VIA FEDEX**

February 7, 2022

Attn: Civil Clerk
Hampden County Superior Court
50 State Street
Springfield, MA 01102

   Re: **Burgos et al v. Youth on the Move, Inc. et al.**
      **NEW CASE FILING**

Dear Sir/Madam:

Enclosed herein for filing and docketing, please find the following:

1) An original and one (1) copy of the Plaintiffs' Complaint;
2) Civil Action Cover Sheet;
3) Check in the amount of $285.00 for the filing fee and two (2) summonses; and
4) Self-addressed stamped envelope.

Upon receipt, please date stamp and write the civil action number on the copy of the enclosed Complaint and mail it back to me along with the two (2) summonses in the self-addressed stamped envelope enclosed herein.

Thank you for your attention to this matter.

Very truly yours,

*Adam J. Shafran (S6)*

Adam J. Shafran, Esq.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 22 0100 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Adianel Burgos & Hector Martinez, et al  ADDRESS: | DEFENDANT(S): Youth on the Move, Inc. & Janice Brown | COUNTY Hampden |
| ATTORNEY: Adam J. Shafran  ADDRESS: Rudolph Friedmann LLP  92 State Street, Boston, MA 02109 | ADDRESS: | |
| BBO: 6704640 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Services/Labor | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?  ☒ YES  ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ................................................................................................ $_____
   2. Total doctor expenses .................................................................................................. $_____
   3. Total chiropractic expenses ......................................................................................... $_____
   4. Total physical therapy expenses .................................................................................. $_____
   5. Total other expenses (describe below) ........................................................................ $_____
   Subtotal (A): $_____

B. Documented lost wages and compensation to date ..................................................... $_____
C. Documented property damages to date ....................................................................... $_____
D. Reasonably anticipated future medical and hospital expenses .................................... $_____
E. Reasonably anticipated lost wages ............................................................................... $_____
F. Other documented items of damages (describe below) ............................................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

HAMPDEN COUNTY SUPERIOR COURT FILED FEB 08 2022

*true copy* Attest: Barbara Holubecki Deputy Assistant Clerk

TOTAL (A-F): $_____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ 50,000+

Class action for failure to workforce of drivers for all hours worked, plus treble damages, attorneys' fees, costs and interest

Signature of Attorney/ Unrepresented Plaintiff: X *Adam J Shafran (S6)*   Date: 2/7/22

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *Adam J Shafran (S6)*   Date: 2/7/22

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT – EQUITABLE RELIEF – OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO.
22 0100

Adianel Burgos et al, PLAINTIFF(S)

V.

Janice Bean, DEFENDANT(S)

SUMMONS

To the above named defendant:

You are hereby summoned and required to serve upon Adam Shafran, plaintiff's attorney, whose address is 92 State Street, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Heidi E. Brieger, Esq., at Springfield the 17TH day of February in the year of our Lord two thousand Twenty Two.

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAR 2 2 2022
CLERK OF COURTS

Laura S. Gentile, Esquire
CLERK OF COURTS

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A true copy
Attest:
Barbara Holubecki
Deputy Assistant Clerk

FORM No. 1

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

3

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

**Office of the Sheriff**
**Hampden County** • 95 Liberty St. • PO Box 5005 • Springfield, MA 01101-5005 • 413-732-5772

March 9, 2022

I hereby certify and return that on 3/8/2022 at 10:37 AM I served a true and attested copy of the SUMMONS & COMPLAINT in this action in the following manner: To wit, by delivering in hand to JANICE BROWN at 34 FRONT STREET INDIAN ORCHARD, MA 01151. Attestation X 1 ($5.00) Basic Service Fee ($30.00) Mailing1 ($2.00) Total: $37.00

*Michael P___*
**Deputy Sheriff**

**Deputy Sheriff MICHAEL POWERS**

( , 20 )

A true copy.
Attest:
*Barbara Holubecki*
~~Deputy~~ Assistant Clerk



# Office of the Sheriff
# Hampden County

95 Liberty Street
P.O. Box 5005
Springfield, MA 01101-5005

**Nicholas Cocchi**
**Sheriff**

(413) 732-5772
www.hampdencountysheriff.com

**Process Division**
Fax (413) 733-6933
(800) 423-5005

RUDOLPH FRIEDMANN, LLP
92 STATE ST
BOSTON MA 02109

Amount Due: $ 37.00
Invoice #:     22003531
Invoice Date: 03/09/2022

Your File #:

Phone: 617-723-7700

## Payment Due Upon Receipt

Please send a copy of this invoice with your remittance.

ADIANEL BURGOS
vs.
JANICE BROWN

Writ: SUMMONS & COMPLAINT

Invoice #:     22003531
Invoice Date: 03/09/2022

Serve: JANICE BROWN
34 FRONT STREET
INDIAN ORCHARD MA 01151

Served by Deputy Sheriff: MICHAEL POWERS
Service Date/Time:   03/08/2022   10:37 am
Method of Service:   IN-HAND

| **Fees** | **Amount** |
|---|---|
| Attestation X 1 | 5.00 |
| Basic Service Fee | 30.00 |
| Mailing1 | 2.00 |
| **Total Fees** | **37.00** |

RECEIVED
MAR 22 2022
LAURA S. GENTILE
CLERK OF COURTS
HAMPDEN COUNTY

**Amount Due:**   37.00

Page 1 of 1

**Commonwealth of Massachusetts • County of Hampden**

Serving the Cities and Towns of: Agawam, Blandford, Brimfield, Chester, Chicopee, East Longmeadow, Granville, Hampden, Holland, Holyoke
Longmeadow, Ludlow, Monson, Montgomery, Palmer, Russell, Southwick, Springfield, Tolland, Wales, Westfield, West Springfield, Wilbraham