UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Adianel Burgos and Hector Martinez, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Youth on the Move, Inc. and Janice Brown<br><br>    Defendant | Civ. A. No. 3:22-CV-30031 |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

On October 24, 2024, this Court heard argument on Plaintiffs Adianel Burgos ("Burgos") and Hector Martinez's ("Martinez") assented-to motion for final approval of the Parties' class and collective action settlement ("Final Approval Motion"). The Court has read and considered the Final Approval Motion and is familiar with the Parties' Settlement Agreement, which was preliminarily approved by the Court on July 24, 2024. *See* ECF No. 67. Based on the representations and arguments made in the Final Approval Motion, it appears to the Court, upon final examination, that the proposed settlement is fair, reasonable and adequate, and that this Final Approval Order and Judgment should be entered in this Action.

Wherefore, the Court HEREBY ORDERS THE FOLLOWING:

The Court grants final approval of the Settlement on the terms set forth in the Joint Stipulation of Class Settlement and Release ("Settlement Agreement") filed by the parties on June 24, 2024.

For settlement purposes only, the Court confirms its prior certification of this case as a class action under Fed. R. Civ. P. 23 and as a collective action pursuant to 29 U.S.C. § 216(b), and confirms its prior certification of a Settlement Class consisting of all current and former YOTM employees who worked as drivers at any time from February 8, 2019 to October 18, 2023, excluding those individuals who were members of the settlement class in the Michalczyk Matter[1] and who were not employed by YOTM as a driver after April 10, 2020.

Plaintiffs Burgos and Martinez (the "Class Representatives") are confirmed as representatives of the Settlement Class for the purposes of implementing the settlement in accordance with the Settlement Agreement and Adam J. Shafran of Rudolph Friedmann LLP is confirmed as counsel for the Settlement Class ("Class Counsel").

The Court finds that the notice provided to the Settlement Class was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and any other applicable laws. Settlement Class Members had the right to exclude themselves by submitting an Exclusion Request Form, participate in the FLSA portion of the settlement by submitting a Consent Form, and submit any objections as set forth in the Settlement Agreement and described in the Notice.

The Court finds that the Plaintiffs Burgos and Martinez are bound by the "Plaintiffs' Releases" as set forth in section 14.1 of the Settlement, that all Settlement Class Members who did not submit an Exclusion Request are bound by the "Non-Excluded Class Members Release" as set forth in section 14.2 of the Settlement Agreement, and all Settlement Class Members who submitted a Consent Form which has been filed on the docket in this matter are bound by the

---

[1] The Michalczyk Matter refers to the prior case of *Derek Michalczyk, individually and on behalf of all others similarly situated v. Youth on the Move, et al*, Hampden County Superior Court Civil Action No. 1979cv00860.

"Participating FLSA Class Members' Release" as set forth in section 14.3 of the Settlement Agreement.

Having reviewed the arguments made in the Final Approval Motion as to Class Counsel's request for attorneys' fees, costs and Plaintiffs' request for incentive payments, and for the reasons set forth therein, this Court finds the amounts sought are reasonable and approves an award of attorneys' fees in the amount of $66,666.67 and costs in the amount of $1,126.15 to Class Counsel. The Court also approves Plaintiffs' request for incentive payments in the amount of $5,000 each to Burgos and Martinez.

The Court orders that once this order becomes Final, as that term is defined in section 3.21 of the Settlement Agreement, that the Parties and Settlement Administrator administer the Settlement as set forth in section 11 of the Settlement.

This Court hereby dismisses with prejudice on the merits the above-captioned action. Without affecting the finality of this Final Approval Order in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce and administer the Agreement.

IT IS SO ORDERED, THIS 24 DAY OF October 2024.

United States District Court Judge